IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER G. BROADWATER** | : | CIVIL ACTION NO. 1:12-CV-1937 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| v. | : | |
| | : | |
| **CHRISTIAN D. FOW, et al.,** | : | |
| Defendants | : | |

## ORDER

AND NOW, this 7th day of February, 2013, upon consideration of plaintiff Christopher Broadwater's ("Broadwater") motion for default judgment and costs of service[1] (Doc. 16) filed on February 4, 2013 against defendant Christian D. Fow ("Fow"), which requests that the court enter default pursuant to Rule 55 of the Federal Rules of Civil Procedure because Fow failed to respond to the complaint within the time period prescribed by Rule 12(a)(1)(A)(i), and upon consideration of the document filed in support thereof (see Doc. 17), and upon further consideration of Fow's response (Doc. 19), wherein he avers that he is currently engaged in a union grievance concerning the Pennsylvania State Police's decision to deny representation of him in this matter and that he has recently retained counsel who will immediately begin to comply with all filing deadlines, and it appearing that entry of default judgment is disfavored because the judicial process encourages

---

[1] Fow did not agree to waive formal service. (Doc. 16 ¶ 5; Doc. 19 ¶ 5). The court must order a defendant to pay the expenses incurred in making service if the defendant fails, absent good cause shown, to sign and return a waiver of formal service. FED. R. CIV. P. 4(d)(2). Fow did not respond to Broadwater's request for costs of service (see Doc. 19) and therefore does not appear to oppose it. The court shall order Fow to pay the costs incurred for formal service of process.

resolution of disputes on the merits, see Culver v. U.S. Dep't of Labor, 248 Fed. App'x 403, 408 (3d Cir. 2007), and that the court may decline to enter default when it is "apparent that [the default] would be set aside on a motion by defendants," 10A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE 2682 (3d ed. 1998), and that the court may grant a defendant additional time in which to plead or otherwise defend an action, see Chocallo v. I.R.S. Dep't of Treasury, 145 Fed. App'x 746, 747 (3d Cir. 2005) (quoting Orange Theatre Corp. v. Rayherstz Amusement Corp., 139 F.2d 871, 872 (3d Cir. 1944) ("A District Court has 'ample power, in its discretion, to extend the time for serving a motion or answer.'"), and the court concluding that Broadwater will suffer no material prejudice if the period within which Fow may plead or otherwise defend is extended because the instant matter remains in the preliminary stages of litigation, and the court further concluding that Fow's delay was not due to culpable conduct, see Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (stating that the court should evaluate prejudice to the plaintiff, the existence of a litigable defense, and the culpability of defendant's delay when ruling on a motion for default judgment), it is hereby ORDERED that Broadwater's motion for default judgment and costs of service (Doc. 16) is DENIED in part and GRANTED in part:

1. The period within which Fow may respond to the complaint is EXTENDED until the close of business on February 27, 2013.

2. The motion for default judgment is DENIED without prejudice.

3. The Clerk of Court is instructed to refrain from entering default in the above-captioned matter.

4. The motion for costs of service is GRANTED. Counsel of record are directed to meet and confer on the resolution of costs incurred for service. In the absence of an amicable resolution, counsel for plaintiff shall submit an affidavit of costs (for service only).

                         S/ Christopher C. Conner
                         CHRISTOPHER C. CONNER
                         United States District Judge